**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
WEST COAST 2014-7, LLC,

         Plaintiff,

 -against-

                   **REPORT AND**
                   **RECOMMENDATION**

GEORGE COLLIARD, JR., LASHAWNA WORTHAM
A/K/A/ LASHAWNA L. COLLIARD, NEW YORK
CITY PARKING VIOLATIONS BUREAU,

         Defendants.
-------------------------------------------------------------------X
**TISCIONE, United States Magistrate Judge:**

 Plaintiff West Coast 2014-7, LLC. ("Plaintiff" or "West Coast") commenced an action on September 19, 2019, against defendants George Colliard, Jr. ("Defendant Colliard"), Lashawna Wortham also known as Lashawna L. Colliard ("Defendant Wortham") and the New York City Parking Violations Bureau ("PVB"), to foreclose on a mortgage encumbering a property located 115-44 Marsden Street, Jamaica, NY 11434 (the "Property") pursuant to New York Real Property Actions and Proceedings Law ("RPAPL") §§ 1301 *et seq. See generally* Complaint ("Compl."), ECF No. 1. Plaintiff West Coast requested a certificate of default against all Defendants on October 30, 2019 (ECF No. 11), and the Clerk of the Court entered defaults against all Defendants on November 6, 2019. Clerk's Entry of Default, ECF No. 12. On November 25, 2019, Plaintiff filed a Motion for Default Judgment. Mot. for Default J., ECF No. 13. The Honorable Judge Margo K. Brodie referred this motion to me for a Report and Recommendation on December 3, 2019. *See* Minute Entry, No. 19-cv-5334 (E.D.N.Y. Dec. 3, 2019). For the following reasons, I respectfully recommend that this Court GRANT the Plaintiff's Motion for Default Judgment against all Defendants and award damages.

1

I. **BACKGROUND**

Unless otherwise specified, the following background facts are based on the allegations in the Plaintiff's Complaint, Motion for Default Judgment, and accompanying exhibits. Plaintiff West Coast brought this action to foreclose on a mortgage encumbering the Property, located at 115-44 Marsden Street, Jamaica, NY 11434 l ("Property"). On August 25, 2006, Defendants Colliard and Wortham executed and delivered a mortgage agreement to Countrywide Home Loans, Inc. ("Mortgage") and executed a Balloon Note ("Note") under the Mortgage securing a loan in the amount of $96,000.00, plus interest. *See generally* Compl. Ex. B ("Mortgage") at 6, ECF No. 1-1; Ex. C ("Note") at 18, ECF No. 1-1. On October 10, 2018, Mortgage Electronic Registration Systems, Inc. ("MERS"), as the nominee of Countrywide Home Loans, Inc. (*see* Note at 7), assigned the Mortgage to West Coast Realty Services in a properly-fixed allonge which was recorded on October 19, 2018. Compl. Ex. C at 21; Ex. D at 24, *see* ACRIS, CRFN 2018101700877001. On February 25, 2019, West Coast Realty Services assigned the mortgage to Plaintiff West Coast 2014-7, LLC, which was recorded on February 27, 2019. Compl. Ex. C at 22; Ex. D at 26; *see* ACRIS, CRFN 2019022501226001.

The Note obligates Defendants George Colliard, Jr. and Lashawna Wortham (collectively, "Borrowers") to pay a principal amount of $96,000.00 plus interest at a yearly rate of 9.875%. *See* Compl. Ex. C, ECF No. 1-1. Borrowers were obligated to pay the principal and the interest by making monthly payments of $833.61 on the first day of the month beginning on October 2006. If the Borrowers failed to pay off the principal and the interest of the note, in full, by September 1, 2021, they were obligated to pay the remaining balance of the principal and the interest on that date. *Id*. The Note stated that the Borrowers would be in default if they failed to make a full payment of each monthly payment on time, and failed to remedy the nonpayment by

a date specified in a written notice of nonpayment. *Id*. The date specified was to be at least ten (10) days after the lender mailed or delivered the notice of nonpayment to the Borrowers. *Id*. If the borrower defaulted, the Note stated that the lender may exercise the right to force immediate payment of the full amount of the principal that had not been paid plus the interest. *Id*. Even if the lender does not immediately demand payment upon the Borrowers' default, the Note allows the lender to exercise its right to demand payment a later time. *Id*. The Note also provided that a 2% late fee would be assessed if the Borrowers failed to make a payment within fifteen (15) days of the due date. *Id*.

Defendants Colliard and Wortham failed to make the monthly payment that was due on January 1, 2014. *See* Compl. ¶ 14. Thereafter, on May 13, 2019, Plaintiff sent Borrowers a Notice of Default. Compl. ¶ 15; *see* Compl., Ex. E ("Notice of Default"), ECF No. 1-1 at 30. The Notice stated that the total amount in arrears was $56,101.81, and Defendants Colliard and Wortham were required to correct the default by June 12, 2019. *Id*. at 31. The Notice further stated that a failure to correct the default could result in the acceleration of the loan. The Notice stated, "Upon acceleration, the total amount of the debt will be immediately due and payable without further demand and a lawsuit to foreclose the mortgage may be commenced." *Id*. Plaintiff also issued a 90-day notice provided by RPAPL 1304(1) to the Borrowers and has submitted proof of mailing a registration to this Court. Compl. Ex. E at 35-36, ECF No. 1-1.

On September 19, 2019, Plaintiff filed this Complaint. *See* Compl. Plaintiff is a corporation organized under the laws of California and is a citizen of the States of California and Colorado. Compl. ¶ 2. Defendants George Colliard, Jr. and Lashawna Wortham are citizens of New York and owners of the Property. Compl. ¶¶ 3-4, *see* ACRIS, CRFN 2006000562692. New York City Parking Violations Bureau ("PVB") is an administrative tribunal in the New York

3

City Department of Finance and has multiple judgments against Defendants Colliard and Wortham or their Property which are subordinate to Plaintiff's mortgage. Compl. ¶ 5; Compl. Ex. F. Defendants were duly served with a copy of the Summons and Complaint. Summonses Returned Executed, ECF Nos. 8-10. Defendants did not file an answer to the Complaint. On November 6, 2019 the Clerk of Court entered default against Defendants (Entry of Default, ECF No. 12), and on November 25, 2019, Plaintiff moved for default judgment. Mot. Default J., ECF No. 13. In support of the motion, Plaintiff filed several documents, including a Declaration and Memorandum of Law in Support of Default Judgment of Foreclosure and Sale, proposed Judgment of Foreclosure and Sale Order, Affidavit of Service, and evidence. *Id.* Plaintiff requests that the Court appoint a Referee to sell the mortgage premises and that this Court ascertain and compute the amount due to Plaintiff for principal and interest. Declaration of Attorney Weinreb ("Decl. Weinreb"), ECF No. 13-1. No opposition has been filed to date.

## II.     STANDARD

### A.     Default Judgment Standard

The Federal Rules of Civil Procedure prescribe a two-step process for a plaintiff to obtain a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after a default has been entered against the defendant, and the defendant fails to appear to move or set aside the default under Rule 55(c), the court may, on a plaintiff's motion, enter a default judgment. Fed. R. Civ. P. 55(b)(2).

Once a defendant is found to be in default, he or she is deemed to have admitted all of the well-pleaded allegations in the complaint pertaining to liability. *Greyhound Exhibitgroup, Inc. v.*

*E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). However, a court retains the discretion to determine whether a final default judgment is appropriate. *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); *see also Taylor v. 312 Grand St. LLC*, 2016 WL 1122027, at *3 (E.D.N.Y. Mar. 22, 2016) ("[J]ust because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right.") (internal quotation marks and citations omitted). In light of the Second Circuit's "oft-stated preference for resolving disputes on the merits," default judgments are "generally disfavored." *Enron*, 10 F.3d at 95-96.

Thus, despite a defendant's default, the plaintiff bears the burden of demonstrating that the unchallenged allegations and all reasonable inferences drawn from the evidence provided establish the defendant's liability on each asserted cause of action. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981). "In other words, 'after default . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law.'" *A. & R. Lobosco, Inc. v. Superior Trading, Inc.*, 2016 WL 5723982, at *2 (E.D.N.Y. Sept. 14, 2016) (citation omitted), *adopted by*, 2016 WL 5719720 (E.D.N.Y. Oct. 3, 2016).

If liability is established as to a defaulting defendant, then the Court must conduct an analysis to establish damages to a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

### III. DISCUSSION

#### A. Standing

"Plaintiff can establish standing either by producing a valid written assignment of the Note or by demonstrating the physical delivery of the Note prior to the commencement of the

foreclosure action." *W. Coast 2014-7, LLC v. Tolson*, No. 15-cv-6306(ADS)(GRB), 2017 U.S. Dist. LEXIS 125266, at *13-14 (E.D.N.Y. Aug. 7, 2017) (internal citations and quotations omitted) ("[i]t is well-settled that standing exists where the plaintiff possesses a note that, on its face or by allonge, contains an indorsement in blank or bears a special indorsement payable to the order of the plaintiff.). Here, since the Complaint and accompanying materials support that Plaintiff possessed the Note prior to the commencement of this action, standing is sufficiently established. *See* Mot. for Default J., Ex. C (Affidavit of Glen Ohno, "Ohno Aff.") ¶¶ 2, 4, ECF No. 13-6; Ex. D (Recording and Endorsement) at 38-40, ECF No. 13-4; Pl.'s Mem. or L. in support of Mot. for Default J. ("Pl's Mem. of L.") at 5-6, ECF No. 13-2.

### B. RPAPL § 1304 Notice

Before discussing whether default judgment is warranted in this case, this Court must address a threshold issue regarding statutory notice. This Court finds that the pre-foreclosure notice attached to Plaintiff's Complaint is sufficient to establish compliance with RPAPL § 1304 for the purposes of the present default proceeding.

New York Real Property Acts Law ("RPAPL") § 1304 provides that, "with regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower . . . such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1). RPAPL § 1304(1) further sets forth the requirements for the content of such notice, and RPAPL § 1304(2) provides that such notice shall be sent by "registered or certified mail and also by first-class mail to the last address of the borrower" and the "[n]otice is considered given as of the date it is mailed." *Id*. §§ 1304(1)-(2). The Second Circuit has recognized that "[p]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the

6

plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir.) (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 102 A.D.3d 909, 961 N.Y.S.2d 200, 202 (2d Dep't 2013)), *certified question accepted*, 34 N.Y.3d 1137, 142 N.E.3d 102 (2020). A plaintiff-lender can demonstrate compliance with § 1304 by showing "proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure." *Id.* (quoting *Citibank, N.A. v. Conti-Scheurer*, 172 A.D.3d 17, 98 N.Y.S.3d 273, 277 (2d Dep't 2019)). "[P]roof of a standard office mailing procedure gives rise to a presumption that a notice was received, although that presumption may be rebutted by "a showing that [the] routine office practice was not followed or was so careless that it would be unreasonable to assume that the notice was mailed." *Id.* (quoting *Nassau Ins. Co. v. Murray*, 46 N.Y.2d 828, 414 N.Y.S.2d 117, 386 N.E.2d 1085, 1086 (1978)).

Plaintiff provided documentation of pre-foreclosure notice in its initial complaint which conforms to the statutory notice format provided under RPAPL §1304(1). Compl. Ex. E at 35-40, ECF No. 1-1. In addition to the statutory notice, Plaintiff also submitted certified mail receipts and an affidavit of mailing. *See* Compl., Ex. E at 38-40. The notices of default in loan payment was addressed to Defendant George Colliard, Jr. as well as Defendant Lashawna Wortham, and the accompanying U.S. Postal Service receipts indicate that said notice was mailed to Defendants Colliard and Wortham by certified mail. *Id.* The notices were sent to the last known address of Defendants Colliard and Wortham which is identical to the address of the Property where service of the Complaint was property executed. *Id.*; *see also* Executed Summonses, ECF No. 8-9.

### C. RPAPL § 1306 Notice

RPAPL § 1306 requires that a "lender, assignee or mortgage loan servicer . . . file with the superintendent of financial services . . . within three days of mailing of the [§1306 notice] . . . the information required by subdivision two of this section." RPAPL §1306(1). Subdivision 2 mandates that such a filing "include at a minimum, the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage, and such other information as will enable the superintendent to ascertain the type of loan at issue. N.Y. RPAPL §1306(2). Upon review of the Proof of Filing Statements issued by the New York State Department of Financial Services attached to Plaintiff's Complaint, I find that Plaintiff has satisfied this filing requirement as well. *See* Compl. ¶ 15; Compl, Ex. E. at 41-42, ECF No. 1-1.

### D. Liability as to Defendants George Colliard Jr. and Lashawna Wortham

To show liability in a New York mortgage foreclosure action, a plaintiff-lender must show (1) a mortgage, (2) a note, and (3) proof of default on that note. *See United States v. Estate of Callard*, No. 11-CV-4819 (ADS) (AKT), 2017 WL 685604, at *8 (E.D.N.Y. Feb. 1, 2017) (quoting *E. Sav. Bank, FSB v. Bright*, No. 11-CV-1721, 2012 WL 2674668, at *3 (E.D.N.Y. July 5, 2012)), *R&R adopted*, 2017 WL 684191 (E.D.N.Y. Feb. 21, 2017). "If those elements are established, the mortgagee has a 'presumptive right to collect.'" *OneWest Bank, NA v. Raghunath*, 14-CV-3310 (RJD) (MDG), 2015 WL 5772272, at *3 (E.D.N.Y. Sept. 8, 2015) (citation omitted). Plaintiff made an adequate showing of the first two elements by producing a valid mortgage and note. Compl., Ex. B ("Mortgage"), ECF No. 1-1; Compl., Ex. C ("Note"), ECF No. 1-1. In addition, Plaintiff has shown default on the loan obligations by providing a notice of default as well as an affidavit from the sole member of Plaintiff West Coast 2014-7, LLC. Compl. Ex. E ("Notice of Default"), ECF No. 1-1; Mot. for Default J., Ex. C. Ohno Aff.,

8

ECF No. 13-6; *W. Coast 2014-7, LLC v. Hamilton*, No. CV 17-3918 (ADS) (ARL), 2018 U.S. Dist. LEXIS 192385, at *5 (E.D.N.Y. Nov. 8, 2018) (finding liability based on notices of default, mailing receipts, and the plaintiff's representative's affidavit); *see also U.S. Bank, N.A. v. Squadron VCD, LLC*, 504 F. App'x 30, 32 (2d Cir. 2012). Therefore, this Court recommends finding liability against Defendants George Colliard Jr. and Lashawna Wortham.

      E.      **Liability as to New York City Parking Violations Bureau**

Plaintiff also names the PVB as a defendant "by virtue of multiple PVB judgments against the borrower and property, which are subordinate to Plaintiff's mortgage." Compl. ¶ 5. "New York [RPAPL] § 1311 provides that the necessary parties to a mortgage foreclosure action include: '[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff.'" *Bank of Am., N.A. v. 3301 Atl., LLC*, No. 10-CV-5204 (FB), 2012 WL 2529196, at *14 (E.D.N.Y. June 23, 2012) (quoting N.Y. RPAPL § 1311(3)). "This rule derives from the underlying objective of foreclosure actions—to extinguish the rights of redemption of all those who have a subordinate interest in the property and to vest complete title in the purchaser at the judicial sale." *Id.* (internal citation and quotation marks omitted). To establish liability as to a non-mortgagor defendant, the plaintiff must allege "nominal liability—that any judgments the non-mortgagor defendant has against the mortgagor defendant, if asserted as a lien on the mortgage property, is subordinate to the plaintiff's lien." *Courchevel 1850 LLC v. Rodriguez*, No. 17-CV-6311 (MKB), 2019 WL 2233828, at *7 (E.D.N.Y. May 22, 2019) (citation and quotations marks omitted); *Gustavia Home, LLC v. Lawrence*, No. 16-CV-4010 (SJ)(SMG), 2017 WL 4404434, at *4 (E.D.N.Y. June 22, 2017) ("Entry of default judgment against a non-mortgagor defendant is generally appropriate where the complaint alleges 'nominal liability.'") (citation committed).

Here, the Complaint contains well-pleaded allegations of nominal liability on the part of the non-mortgagor PVB and submits PVB parking tickets in support of said allegations. Compl. ¶ 5, Compl. Ex. F at 44-45, ECF No. 1-1. These supported allegations provide detailed facts sufficient to satisfy the RPAPL § 202 requirement. *See CIT Bank v. Dambra*, No. 14 Civ. 3951 (SLT)(VMS), 2015 WL 7422348, at *6 (E.D.N.Y. Sept. 25, 2015), *adopted by*, 2015 WL 7430006 (E.D.N.Y. Nov. 20, 2015) ("title search documents allegedly showing monies owed by [the mortgagor defendants] to the [non-mortgagor defendant] . . . are sufficient to satisfy the requirement under RPAPL § 202 for 'detailed facts' related to the interest in or lien on the property." (citation omitted); *see also Freedom Mortg. Corp. v. King*, No. 19-cv-4833 (NGG)(LB), 2020 U.S. Dist. LEXIS 75416, at *6-9 (E.D.N.Y. Apr. 28, 2020) (finding liability against non-mortgagor PVB based on parking tickets which imposes a lien on the property). Therefore, I respectfully recommend that a default judgment be entered against PVB.

### IV.    DAMAGES

It is well established that a default constitutes an admission of well-pleaded factual allegations in the complaint, except those relating to damages. *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 ("Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") On a motion for a default judgment, the plaintiff has the burden to prove the amount of damages with a "reasonable certainty." *Credit Lyonnais Sec. (USA), Inc.*, 183 F.3d at 155 (citing *Transatlantic Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). An evidentiary hearing

is not required; the Court may rely on detailed affidavits and other documentary evidence to determine damages. *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d. Cir. 1991).

Plaintiff seeks to recover $90,487.91 in principal balance owed by Defendants Colliard and Wortham pursuant to the Note. Pl.'s Mem. Of L., ECF No. 13-2 at 7. Plaintiff submits an affidavit from its sole member, Glenn Ohno, who states that the outstanding unpaid principal balance is $90,487.91 and the owed interest from December 1, 2013 to November 11, 2019 totals $53,909.04.[1] Mot. Default J., Ex. C (Ohno Aff.), ECF No. 13-6 ¶ 6-9; Ex. E ("Notice of Default") at 44, ECF No. 13-4. Accordingly, Plaintiff seeks to recover a total amount of $144,396.95. Defendants Colliard and Wortham have not objected to Plaintiff's calculations despite being served with a copy of the motion papers. After reviewing the record, the Court finds that an evidentiary hearing is not necessary and respectfully recommends that judgment should be entered in Plaintiff's favor in the amount of $144,396.95.

## V.     CONCLUSION

For the reasons set forth above, I respectfully recommend that Plaintiff's Motion for Default Judgment of foreclosure and sale be GRANTED as to all Defendants. I also respectfully recommend that Plaintiff be awarded a Judgment of foreclosure and sale against Defendants Colliard and Wortham in the amount of $144,396.95, under the supervision of a referee to be appointed by Hon. Margo K. Brodie.

---

[1]     Pursuant to the terms of the Note, at the time of default, the interest rate was 9.8750%. Interest is calculated by taking the principal balance (i.e. $90,487.91) and multiplying it by 9.8750% and then dividing that number by 360 days to obtain the *per diem* interest which, in this case, equals $24.82. Since the date of default is January 1, 2014, and interest pursuant to the Note is paid in arrears, the interest is calculated from December 2013 through November 11, 2019, which is 2172 days. 2172 days multiplied by the *per diem* of $24.82 equals the total past-due interest of $53,909.04.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Marcella v. Capital Dist. Physicians' Health Plan, Inc.*, 293 F.3d 42, 46 (2d Cir. 2002); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989); *see also Thomas v. Arn*, 474 U.S. 140 (1985). Plaintiff is directed to serve a copy of this Report and Recommendation upon all Defendants at their respective last known addresses via return receipt delivery and to file proof of service with the Court within five (5) days of the date of this Report and Recommendation.

**SO ORDERED.**

                                                          /s/
                                          Steven L. Tiscione
                                          United States Magistrate Judge
                                          Eastern District of New York

Dated: Brooklyn, New York

       August 17, 2020